**No. 2026-1992**

---

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

UCB, INC., UCB BIOPHARMA SRL, HANANJA EHF, UNIVERSITY OF ICELAND,
*Plaintiffs-Appellees*

v.

CIPLA LIMITED, CIPLA USA INC.,
*Defendants-Appellants.*

---

Appeal from the United States District Court for the District of Delaware
No. 1:21-cv-01229, Hon. Jennifer L. Hall

### MOTION TO EXPEDITE PROCEEDINGS

Anil H. Patel
Adam S. Berlin
K&L Gates LLP
609 Main Street, Suite 4150
Houston, Texas 77002
(713) 815-7300
anil.patel@klgates.com
adam.berlin@klgates.com

Harold Storey
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 623-7580
harold.storey@klgates.com

Peter L. Giunta
K&L Gates LLP
599 Lexington Avenue
New York, New York 10022
(212) 536-3900
peter.giunta@klgates.com

*Attorneys for Defendants-Appellants*
*Cipla Limited and Cipla USA Inc.*                    July 7, 2026

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2026-1992

**Short Case Caption** UCB, Inc. v. Cipla Limited

**Filing Party/Entity** Cipla Limited, Cipla USA, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/07/2026

Signature: /s/ Anil H. Patel

Name: Anil Patel

**FORM 9. Certificate of Interest**

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Cipla Limited | See attachment | See attachment |
| Cipla USA, Inc. | See attachment | See attachment |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☑    Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable              ☐    Additional pages attached

| | | |
|---|---|---|
| K&L Gates LLP | Morris James LLP | |
| Jenna Bruce | Kenneth L. Dorsney | |
| | Cortlan S. Hitch | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)  ☐  No   ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable              ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

*UCB, Inc. v. Cipla Limited*
No. 2026-1992

## ATTACHMENT TO CERTIFICATE OF INTEREST

**2. Real Party in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

Invagen Pharmaceuticals, Inc.; Cipla (EU Limited).

**3. Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

Cipla Limited does not have a parent corporation, and no publicly held corporation owns 10% or more of Cipla Limited's stock.

Cipla USA Inc. is a 100% owned subsidiary of Invagen Pharmaceuticals, Inc. Invagen Pharmaceuticals, Inc. is a 100% owned subsidiary of Cipla (EU Limited), which is a 100% owned subsidiary of Cipla Limited.

**TABLE OF CONTENTS**

I.   INTRODUCTION.................................................................................1

II.  BACKGROUND..................................................................................3

III. GOOD CAUSE EXISTS TO EXPEDITE THIS APPEAL ...............................6

    A.  Absent an Expedited Schedule, Cipla Will Be Effectively Deprived of Its Right to Appeal and Suffer Unrecoverable Losses ......................................6

    B.  Failure to Expedite Could Render This Appeal Moot...............................8

IV.  CIPLA'S PROPOSED SCHEDULE IS REASONABLE ................................8

V.   CONCLUSION ..................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Abbott Lab'ys. v. Sandoz, Inc.*, 544 F.3d 1341 (Fed. Cir. 2008) ...............................8

*Bracco Diagnostics, Inc. v. Shalala*, 963 F. Supp. 20 (D.D.C. 1997)........................8

*Duramed Pharma, Inc. v. Watson Lab'ys, Inc.*, 426 Fed. App'x 905 (Fed. Cir. July 27, 2011)............................................................................................................9

*Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 2010-1500, 2010 WL 3374123 (Fed. Cir. Aug. 26, 2010)............................................................................................9

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060 (D.C. Cir. 1998) .............................7

*Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253 (Fed. Cir. 2012) ...........................6

*Teva Pharms., USA, Inc. v. FDA*, 182 F.3d 1003 (D.C. Cir. 1999)...........................7

*TorPharm, Inc. v. Shalala*, No. 97-1925 (JR), 1997 WL 33472411 (D.D.C. Sept. 15, 1997) .......................................................................................................7, 8

**Statutes**

21 U.S.C. § 355(j)(5)(B)(iv) .....................................................................................2

21 U.S.C. § 355(j)(5)(D)(i)(VI) .................................................................................6

35 U.S.C. § 271(e)(2)................................................................................................3

**Other Authorities**

Life of an Appeal, *available at* https://www.cafc.uscourts.gov/wp-content/uploads/Rules ProceduresAndForms/FilingResources/Life_of_an_Appeal_Narrative_and_flow chart.pdf ...........................................................................................................7

*Drugs@FDA: FDA-Approved Drugs*, U.S. FOOD & DRUG ADMIN., https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm?event=overview.proc ess&ApplNo=215117 (last visited July 7, 2026)................................................5

**Rules**

Fed. Cir. R. 27 .........................................................................................................6

Fed. R. App. P. 2.....................................................................................................5, 6

## LIST OF EXHIBITS

| Ex. A | May 27, 2026 Final Judgement (ECF No. 202) |
|-------|--------------------------------------------|
| Ex. B | Memorandum Opinion entered by the United States District Court for the District of Delaware (ECF No. 199) |

## I.     INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 2 and Federal Circuit Rule 27, Defendants-Appellants Cipla Limited and Cipla USA Inc. ("Cipla") respectfully move this Court to expedite this appeal of the Final Judgement dated May 27, 2026 (Ex. A, ECF No. 202) ("Judgment") and the Memorandum Opinion dated May 15, 2026 (Ex. B, ECF No. 199) ("Opinion") entered in the United States District Court for the District of Delaware, holding claim 13 of U.S. Patent No. 8,217,033 ("the '033 Patent) and claim 10 of U.S. Patent No. 8,809,322 ("the '322 Patent") (together, "the Appeal Patents" and the "Asserted Claims") not invalid for obviousness. Plaintiffs-Appellees UCB, Inc., UCB Biopharma SRL, Hananja EHF, and University of Iceland (collectively, "UCB") indicated that they intend to oppose this motion.

Cipla stands to suffer an unrecoverable loss absent an expedited appeal schedule because it is eligible for Hatch-Waxman 180-day exclusivity and the Appeal Patents will expire on January 18, 2028. In May 2021, Cipla filed Abbreviated New Drug Application No. 216048 ("Cipla's ANDA") seeking approval from the U.S. Food and Drug Administration ("FDA") to market a generic version of UCB's NAYZILAM product. Cipla is the first applicant to file a Paragraph IV certification seeking to market its ANDA product before the expiration of the patents listed in the FDA's Orange Book as covering NAYZILAM, including the

Appeal Patents. As the first applicant, Cipla is eligible for a 180-day marketing exclusivity. *See* 21 U.S.C. § 355(j)(5)(B)(iv).

Right now, Cipla stands to lose its 180-day exclusivity eligibility without an opportunity for relief from this Court. That is because Cipla's eligibility will cease on January 18, 2028, the expiration date of the last Orange Book patents qualifying Cipla for the 180-day exclusivity. In the 180 days preceding patent expiry, beginning July 22, 2027, each day without a mandate from this Court stands to cost Cipla part of the exclusivity. Cipla certified to those patents when it filed its ANDA in May 2021. Cipla litigated their invalidity through a bench trial in 2023 with briefing completed in March 2024, and closing arguments presented in May 2024. The district court did not issue its opinion until two years later in May 2026, which Cipla appeals here.

The FDA tentatively approved Cipla's ANDA in 2022, so the district court injunction is all that prevents Cipla from final approval. For these reasons, and as explained in more detail below, Cipla respectfully requests that the Court order the following expedited briefing schedule:

| Brief | Deadline |
|---|---|
| UCB's Response to Motion to Expedite | July 13, 2026 |
| Cipla's Reply to UCB's Response | July 17, 2026 |
| Cipla's Opening Brief | July 24, 2026 |
| UCB's Response Brief | August 14, 2026 |
| Cipla's Reply Brief | August 28, 2026 |
| Joint Appendix | September 4, 2026 |

2

In addition to the expedited briefing schedule, Cipla also respectfully requests that no extensions be granted and that oral argument be scheduled for the earliest available session following the conclusion of briefing.

## II.    BACKGROUND

### A.    Procedural Background

This is a Hatch-Waxman litigation on appeal from the U.S. District Court for the District of Delaware. In 2021, UCB sued Cipla for patent infringement under 35 U.S.C. § 271(e)(2), alleging that Cipla's proposed ANDA product would infringe four of UCB's Orange Book-listed patents for NAYZILAM, including the Appeal Patents. Notably, NAYZILAM was entitled to a period of Orphan Drug Exclusivity during which the FDA could not approve an ANDA, regardless of whether it infringed UCB's patents or not. That Orphan Drug Exclusivity expired on May 17, 2026. Ex. B at 2 n.1.

The District of Delaware had (and still has) a notoriously high case load. To expedite the resolution of its case, Cipla consented to a trial before then Magistrate Judge Hall. As the case developed, Cipla stipulated to infringement, and UCB narrowed the asserted patents to the Appeal Patents. During the district court proceedings, however, Judge Hall was elevated to an Article III District Court Judge, and the original July 2023 trial date was postponed. Judge Hall held the bench trial in October 2023, the parties completed briefing in March 2024 and closing

3

arguments were held in May 2024. The court issued its opinion on May 15, 2026, holding the asserted claims were not invalid, and entered judgment on May 27, 2026. Ex. A, at 1. Cipla appeals that judgment.

**B.    Cipla Has Attempted to Provide a Generic Alternative to Patients, As the Hatch-Waxman Act Is Designed to Promote**

The '033 Patent and the '322 Patent ("the Appeal Patents") have a priority date in 2007, and are listed in the Orange Book as covering NAYZILAM. Claim 13 of the '033 patent recites, in summary terms, an intranasal formulation containing the active ingredient midazolam (or a salt thereof), in combination with the excipients methoxy polyethylene glycol 350 ("mPEG 350"), polyethylene glycol 400 ("PEG 400"), propylene glycol, and water. Claim 10 of the '322 patent similarly recites an intranasal midazolam composition but is limited to midazolam base in combination with methoxy polyethylene glycol, without reciting additional excipients. NAYZILAM® is a single-dose nasal spray that contains a 5 mg midazolam dose in a liquid formulation that includes mPEG 350. NAYZILAM® was approved in 2019, and is used to treat seizures in patients with epilepsy. Ex. B ¶¶ 30–31.

Midazolam itself is an old drug. It was first FDA approved as an intravenous medication before the Appeal Patents' priority date. *See* Ex. B ¶ 23. Before the priority date, physicians and caregivers administered that intravenous formulation as nasal drops or a nasal spray to treat patients. *See Id.* ¶ 29. Several researchers also

made midazolam formulations optimized for intranasal delivery using many of the same solvents recited in claim 13 of the '033 patent, including water, propylene glycol, and PEG 400, in addition to other organic and inorganic solvents not recited in the Asserted Claims. *Id.* ¶¶ 102–108. For its part, mPEG-350 was a pharmaceutical excipient that had been used in multiple products, including an FDA-approved topical formulation. *Id.* ¶ 242. PEGs and mPEGs were marketed together as a family of products. *Id.* ¶ 139.

The Hatch-Waxman 180-day exclusivity is an incentive to challenge Orange Book listed patents that are invalid or would not be infringed by an ANDA product. Cipla challenged the patents on NAYZILAM, bore the expense of the ensuing district court litigation, and seeks to continue that challenge with this appeal. The FDA tentatively approved Cipla's ANDA in 2022, so the district court injunction is all that prevents Cipla from final approval. Without a mandate from this Court, Cipla cannot receive these benefits, and will likely enter the market with at least one other generic who did not bear the expense of a patent challenge.[1]

---

[1] At least one other generic manufacturer already has Tentative Approval to market its product and will likely enter the market upon the expiration of the Appeal Patents. *Drugs@FDA: FDA-Approved Drugs*, U.S. FOOD & DRUG ADMIN., https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm?event=overview.proces s&ApplNo=215117 (last visited July 7, 2026).

5

## III.    GOOD CAUSE EXISTS TO EXPEDITE THIS APPEAL

This Court has the authority to expedite this appeal on a showing of good cause. Fed. R. App. P. 2 ("On its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs[.]"); *see also* Fed. Cir. R. 27. Good cause exists to expedite this appeal because, absent an expedited schedule, if it were to prevail, Cipla would be deprived of its right to appellate relief by being unable to utilize its 180-day exclusivity period and will suffer unrecoverable losses.

### A.    Absent an Expedited Schedule, Cipla Will Be Effectively Deprived of Its Right to Appeal and Suffer Unrecoverable Losses

A motion for expedited proceedings is "appropriate where the normal briefing and disposition schedule may adversely affect one of the parties[.]" Fed. Cir. R. 27 (Practice Notes). Expedited proceedings are appropriate and have been granted by this Court when a district court ruling prevents an ANDA applicant from entering the market. *See, e.g.*, *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1258 (Fed. Cir. 2012) (noting that the Court ordered expedited briefings for an appeal of a district court's preliminary injunction against an ANDA holder).

The Appeal Patents expire on January 18, 2028. Ex. B ¶ 47. After the Appeal Patents expire, Cipla will no longer be eligible for the 180-day exclusivity, and this appeal will be moot. *See* 21 U.S.C. § 355(j)(5)(D)(i)(VI). Each day from July 22,

6

2027 (180 days before) to January 18, 2028 without a mandate from this Court, Cipla stands to lose part of the exclusivity. The time between now and January 18, 2028— let alone July 22, 2027—will be too short for Cipla to receive appellate relief on the ordinary course.[2]   Even if Cipla were to self-expedite by filings its briefs early, it is not clear that a decision following oral argument on an ordinary schedule could result in a mandate before the Appeal Patents expire.

Courts recognize that the earliest generic drug manufacturer to enter the market has a distinct advantage over its generic competitors. *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (noting that the district court found that "the earliest generic drug manufacturer in a specific market has a distinct advantage over later entrants" and that the FDA and Mylan did not seriously contest these findings); *TorPharm, Inc. v. Shalala*, No. 97-cv-1925 (JR), 1997 WL 33472411, at *4 (D.D.C. Sept. 15, 1997) (recognizing that "timely entry into the market is critical for success"). Further, Courts have recognized that the delays in entering the market can never be recovered. *See Teva Pharms., USA, Inc. v. FDA*, 182 F.3d 1003, 1011 n.8 (D.C. Cir. 1999) (recognizing that the generic filer "face[d] continued harm because of their denied access to the market . . . ."); *Mova Pharm. Corp.*, 140 F.3d at 1068 n.6 (recognizing that the district court found that the appellee

---

[2] *See* Life of an Appeal, *available at* https://www.cafc.uscourts.gov/wp-content/uploads/RulesProceduresAndForms/FilingResources/Life_of_an_Appeal_Narrative_and_flowchart.pdf.

"would be harmed by the loss of its 'officially sanctioned head start,'" which showed a "severe economic impact to [the appellee]."); *TorPharm, Inc.*, 1997 WL 33472411, at *4 ("Those losses [caused by delayed entry] are imminent, serious, and irretrievable for [the generic filer]."); *cf. Abbott Lab'ys. v. Sandoz, Inc.*, 544 F.3d 1341, 1362 (Fed. Cir. 2008) (citing precedent supporting that the likelihood of price erosion and loss of market position are evidence of irreparable harm, along with the loss of revenue and goodwill); *Bracco Diagnostics, Inc. v. Shalala*, 963 F. Supp. 20, 29 (D.D.C. 1997) ("While the injury to plaintiffs is 'admittedly economic,' there is 'no adequate compensatory or other corrective relief' that can be provided at a later date[.]") (citation omitted)). From these decisions, it is clear that lost time as the sole generic on the market will result in Cipla enduring unrecoverable losses.

For these reasons, Cipla has established good cause to expedite the appeal.

### B. Failure to Expedite Could Render This Appeal Moot

As discussed above, the expiration of the Appeal Patents will moot this appeal and extinguish Cipla's exclusivity eligibility.

### IV.   CIPLA'S PROPOSED SCHEDULE IS REASONABLE

Cipla's proposed briefing schedule is reasonable. First, Cipla is engaging in self-help by filing its opening brief only twenty-three days from docketing and by allotting only fourteen for its reply brief. Second, the proposed twenty-one days for UCB's Response brief is longer than schedules that this Court has previously entered

8

in expedited proceedings. *See Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 2010-1500, 2010 WL 3374123, at *1 (Fed. Cir. Aug. 26, 2010) (allowing fourteen days for a response brief); *Duramed Pharms., Inc. v. Watson Lab'ys, Inc.*, 426 F. App'x 905, 906 (Fed. Cir. July 27, 2011) (same).

Finally, UCB will not be prejudiced by an expedited schedule. Cipla is appealing fewer issues than were litigated in the district court, and UCB will have a proportionally greater amount of the schedule for its briefing compared to Cipla's allocation, than it would receive under the ordinary timing under the rules.

## V.    CONCLUSION

For the reasons stated above, Cipla respectfully requests that the Court expedite this appeal on the schedule Cipla proposes.

Dated: July 7, 2026

Respectfully submitted,

/s/ Anil H. Patel
Anil H. Patel
Adam S. Berlin
K&L Gates LLP
609 Main Street, Suite 4150
Houston, Texas 77002
(713) 815-7300

Peter L. Giunta
K&L Gates LLP
599 Lexington Avenue
New York, New York 10022
(212) 536-3900

Harold Storey
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 623-7580

*Attorneys for Defendants-Appellants*
*Cipla Limited and Cipla USA Inc.*

10

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:**  2026-1992

**Short Case Caption:**  UCB, Inc. v. Cipla Limited

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __2,024__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: __07/07/2026__

Signature:  /s/ Anil H. Patel

Name:  Anil Patel

Save for Filing

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 2026-1992

**Short Case Caption** UCB, Inc. v. Cipla Limited

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system.  See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e).  Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on  07/07/2026

by  ☐  U.S. Mail  ☐  Hand Delivery  ☑ Email  ☐ Facsimile
    ☐  Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Alexa R. Hansen | ahansen@cov.com |
| Yiye Fu | yfu@cov.com |
| George F. Pappas | gpappas@cov.com |
| Megan E. Dellinger | mdellinger@mnat.com |
| Kaveh V. Saba | ksaba@cov.com |

☑  Additional pages attached.

Date: 07/07/2026

Signature:  /s/ Anil H. Patel

Name:  Anil H. Patel

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

*UCB, Inc. v. Cipla Limited*
No. 2026-1992

## CONTINUED CERTIFICATE OF SERVICE

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| John Y. Veiszlemlein | jveiszlemlein@cov.com |